**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **In re:** | |
| **KINGSBURY CORPORATION,** | Chapter 11 |
| Debtor. | Case No. 11-13671 |

## OBJECTION TO MOTION TO DISMISS CASE

Kingsbury Corporation (the "Debtor"), the debtor and debtor-in-possession in the above-referenced chapter 11 bankruptcy case, files this objection (the "Objection") to the Motion to Dismiss Case (the "Motion to Dismiss") filed by Utica Leaseco, LLC ("Utica"). In further support of the Objection, the Debtor refers interested parties and the Court to Memorandum in Opposition to Motion for Relief from the Automatic Stay and Motion to Dismiss Case and in Support of Motion for Entry of an Order Enforcing Automatic Stay (the "Memorandum"), the Supplemental Affidavit of Iris A. Mitropoulis (the "Mitropoulis Affidavit") and the Affidavit of Robert Thompson (the "Thompson Affidavit"). The Memorandum, the Mitropoulis Affidavit and the Thompson Affidavit are incorporated fully herein by reference. By way of further response, the Debtor states:

### RESPONSE TO ALLEGATIONS

1. The allegations contained in Paragraph 1 of the Motion to Dismiss are legal in nature and therefore do not require a response. To the extent a response is necessary, the Debtor admits the same.

2. The Debtor denies the allegations contained in Paragraph 2 of the Motion to Dismiss.

3. The Debtor admits that it claims a right of redemption right up to the time of the auction. The Debtor denies the remaining allegations contained in Paragraph 3 of the Motion to Dismiss.

4. The Debtor admits that it entered into the Surrender and Forbearance Agreement and that document speaks for itself. The Debtor denies the remaining allegations contained in Paragraph 4 of the Motion to Dismiss.

5. The Debtor denies the allegations contained in Paragraph 5 of the Motion to Dismiss.

6. The Debtor admits that Maynards Industries (1991), Inc. ("Maynards") has been preparing certain machinery and equipment for auction and that Maynards informed the Debtor the auction was scheduled to take place on October 11, 2011. The Debtor denies the remaining allegations contained in Paragraph 6 of the Motion to Dismiss.

7. The Debtor admits post-petition financing is necessary to resume operations but denies the remaining allegations contained in Paragraph 7 of the Motion to Dismiss.

8. The Debtor is without knowledge or information sufficient to form a belief as to the truth of the facts asserted in Paragraph 8 of the Motion to Dismiss.

9. The Debtor is without knowledge or information sufficient to form a belief as to the truth of the facts asserted in Paragraph 9 of the Motion to Dismiss.

10. The Debtor denies that Utica and/or Maynards will suffer harm as a result of the auction being stayed. The Debtor is without knowledge or information sufficient to form a belief as to the truth of the remaining facts asserted in Paragraph 10 of the Motion to Dismiss.

11. The Debtor admits that Equipment was moved in the process of preparing for operations but denies that the facility is not operational.

12. The Auction Agreement speaks for itself and, therefore, the Debtor denies the allegations contained in Paragraph 12 of the Motion to Dismiss.

13. The Debtor denies the allegations contained in Paragraph 13 of the Motion to Dismiss.

14. The Debtor admits the allegation contained in Paragraph 14 of the Motion to Dismiss.

15. The Budget speaks for itself and is a cash flow projection, not a cash flow statement. The Debtor denies the allegations contained in Paragraph 15 of the Motion to Dismiss.

16. The Debtor admits that it sought authority to pay payroll and prepetition claims of critical vendors and that the post-petition financing arrangement includes a carve-out for professional fees. The Debtor did not state in any of its pleadings when the expenses would be paid. The Debtor denies the remaining allegations contained in Paragraph 16 of the Motion to Dismiss.

17. The Debtor denies the allegations contained in Paragraph 17 of the Motion to Dismiss.

18. The Debtor admits that it seeks to recover possession of the Equipment but denies the remaining allegations contained in Paragraph 18 of the Motion to Dismiss.

19. The Debtor denies the allegations contained in Paragraph 19 of the Motion to Dismiss.

20. The Debtor denies the allegations contained in Paragraph 20 of the Motion to Dismiss.

21. The Debtor denies the allegations contained in Paragraph 21 of the Motion to Dismiss.

22. The Debtor denies the allegation contained in Paragraph 22 of the Motion to Dismiss.

23. The Debtor denies the allegations contained in Paragraph 23 of the Motion to Dismiss.

24. The Debtor denies the allegations contained in Paragraph 24 of the Motion to Dismiss.

Dated: October 5, 2011                    KINGSBURY CORPORATION

By its proposed attorneys:

/s/ *Jennifer Rood*
Jennifer Rood, Esq.
BERNSTEIN, SHUR, SAWYER & NELSON
Jefferson Mill Building
670 North Commercial Street, Suite 108
PO Box 1120
Manchester, NH 03105-1120
(603) 623-8700

and

/s/ *Robert J. Keach*
Robert J. Keach, Esq.
Jessica A. Lewis, Esq.
Máire B. Corcoran, Esq.
BERNSTEIN, SHUR, SAWYER & NELSON
100 Middle St., PO Box 9729
Portland, Maine 04104-5029
(207) 774-1200