# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **In re:**<br><br>**KINGSBURY CORPORATION,**<br><br>Debtor. | **Chapter 11**<br><br>**Case No. 11-13671** |

## SUPPLEMENTAL AFFIDAVIT OF IRIS A. MITROPOULIS

I, IRIS A. MITROPOULIS, being duly sworn, depose and say:

1. I am the sole director and president of Kingsbury Corporation (the "Debtor"). I am also a member of Ventura Industries, LLC ("Ventura"), with a 96% ownership interest in that entity. Ventura is the sole shareholder of Donson Group, Ltd. ("Donson"), which is the sole shareholder of the Debtor. Ventura's only asset is its ownership interest in Donson and Donson's only asset is its ownership interest in Ventura.

2. All facts set forth herein are based on my personal knowledge, on information supplied to me by others within the Debtor's organization, upon my review of relevant documents, or on my opinion based upon my experience and knowledge of the Debtor's operations, financial condition and present liquidity needs. If I were called to testify, I could and would testify competently to the facts set forth herein.

3. This Affidavit supplements the Affidavit of Iris A. Mitropoulis in Support of First Day Motions [Docket No. 12] and is submitted in support of the Motion for Entry of an Order Enforcing the Automatic Stay [Docket No. 3] and in support of the Debtor's objections to the Motion for Relief from the Automatic Stay [Docket No. 38] and the Motion to Dismiss Case [Docket No. 37] filed by Utica Leaseco, LLC ("Utica").

1

4. I have prepared extended cash flow projections from October 2, 2011 to December 30, 2011, which cash flow projections are attached hereto as **Exhibit A**. As shown on Exhibit A, the Debtor will have positive cash flow throughout the period represented based on the stated assumptions. I believe the assumptions to be reasonable and based on either actual orders or orders that I strongly believe the Debtor will obtain based on communications with the relevant customers.

5. Attached hereto as **Exhibit B** is a profit and loss statement for the period October 2, 2011 through December 30, 2011. As shown on Exhibit B, the Debtor anticipates that the operation of the Debtor's business in the ordinary course will generate a modest profit.

6. Attached hereto as **Exhibit C** is a summary of the various customer orders currently pending as of the date of this Affidavit, as well as inquiries for additional orders.

7. The Debtor's preference and goal is a standalone reorganization premised on future profitable operations; however, the Debtor has also received an executed non-disclosure agreement ("NDA") from a certain potential purchaser of the Debtor's business, and will explore the possibility of the sale of the Debtor's business as a going concern.

8. As set forth in the two tables below, the Debtor has a total of $4,911,000.00 in secured debt and not less than $8,850,000.00 in assets constituting collateral for such secured debt; the relative priorities of the holders of secured debt are also as set forth below:

## SCHEDULE OF SECURED DEBT

| LENDER | BALANCE OWED |
|---|---|
| Diamond Business Credit, LLC | $1,025,000 |
| Utica | $1,275,000 |
| TD Bank, N.A. (including real estate taxes) | $1,250,000 |
| U.S. Small Business Administration | $1,361,000 |

## POSITION ON COLLATERAL

| LENDER | INV/AR/IP | M&E | REAL ESTATE |
|---|---|---|---|
| Diamond Business Credit, LLC | 1st | 3rd | 3rd |
| Utica | 3rd | 1st | 4th |
| TD Bank, N.A. | 2nd | 2nd | 1st |
| U.S. Small Business Administration | | | 2nd |
| FAIR MARKET VALUE | $2,250,000 | $1,800,000 | $4,800,000 |

9.    As indicated above, Diamond Business Credit, LLC can be fully satisfied from the Debtor's inventory, accounts receivable, and intellectual property. Utica's claim can be fully satisfied from the proceeds of the Equipment, and both TD Bank, N.A. and the U.S. Small Business Administration can be satisfied from the Debtor's real estate. Even after payment in full to all of the Debtor's secured creditors, the Debtor would have remaining assets worth approximately $3,939,000.00. Any deficiency suffered by Diamond or Utica—and there should not be a deficiency—would be more than covered by equity in the real estate.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: October 5, 2011

Iris A. Mitropoulis