# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:

| | |
|---|---|
| Kingsbury Corporation | Bk. No. 11-13671-JMD |
| Donson Group, Ltd. | Bk. No. 11-13700-JMD |
| Ventura Industries, LLC | Bk. No. 11-13687-JMD |
| | Jointly Administered |
| Debtors. | |

## DEBTOR'S MOTION TO FILE UNDER SEAL A CERTAIN STIPULATION WITH UTICA LEASECO, LLC AND DIAMOND BUSINESS CREDIT, LLC

Kingsbury Corporation (the "Debtor"), by and through its undersigned counsel, hereby moves this Court to enter an Order (the "Motion"), substantially in the form of the Order filed herewith, granting the Debtor leave to file under seal its Stipulation with Utica Leaseco, LLC ("Utica") and Diamond Business Credit, LLC ("Diamond") and all related papers (the "Stipulation"). In support of this Motion, the Debtor states as follows:

### JURISDICTION, VENUE AND STATUTORY BASIS

1. This Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are §§ 107(b) of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure.

### BACKGROUND

2. On September 30, 2011, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case (the "Case"), and no official committee has been appointed.

1

3. The Debtor, Utica, and Diamond subsequently entered into a certain Stipulation And Agreement Regarding (I) Sale Process; (II)Adequate Protection To Utica Leaseco, LLC ("Utica") And Diamond Business Credit, LLC; (III) Return Of Possession Of Machinery And Equipment; And (IV) Resolution Of Utica's Motion For Relief From Stay And The Debtors' Motion For Enforcement Of The Stay (the "Stipulation").

## RELIEF REQUESTED

4. The Stipulation contains certain confidential commercial information regarding the Debtor's business operations and financial situation, and certain information related to a potential sale process which, if disclosed to the public and potential purchasers in particular, could negatively affect the Debtor's estate and such sale process. Accordingly, the Debtor requests entry of an Order authorizing the Debtor to file the Stipulation under seal.

## ARGUMENT

In general, documents filed in the bankruptcy court are public records. 11 U.S.C. §107(a). However, the public's right to court records is not absolute. *See* Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978); In re 50-Off Stores, 213 BR 646 (W.D. Tex. 1997). The Bankruptcy Code provides an exception to publicity for certain types of information: "on request of a party in interest, the bankruptcy court shall…(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information..[.]" 11 U.S.C. §107(b) (emphasis added). Section 107 is intended to "protect debtors as they would be protected in the commercial setting, when such protection does not compromise the public's need or right to have access to the bankruptcy case." In re Hemple, 295 B.R. 200, 201 (Bankr. D. Vt. 2003); *see also* In re Orion Pictures Corp., 21 F.3d 24 (2d Cir. 1994) (when a party seeks the filing under seal of papers regarding trade secrets or commercial information pursuant to

section 107(b), a bankruptcy court must grant such relief; "good cause" is not a consideration when §107(b) is invoked). Similarly, this Court "may make any order which justice requires…to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

"Commercial information is generally defined as information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." In re Georgetown Steel Company, LLC, 306 B.R. 542, (Bankr. D.S.C. 2004) (citing In re Orion, *supra*, 21 F.3d at 27). The purpose behind both section 107 and Rule 9018 is to protect "business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." In re Global Crossing, Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

When considering whether to permit the filing of a document under seal, courts consider several factors, including (as applicable to this case): (a) the necessity of the settlement to the viability of the bankruptcy case; (b) whether the debtor will suffer irreparable harm if the settlement agreement is not filed under seal; (c) whether the parties would be able to keep the terms of the settlement confidential in the absence of a bankruptcy filing; and (d) the likelihood of other parties obtaining the details of the agreement if it is not filed under seal. Hemple, 295 B.R. at 202. All of these factors support filing the Stipulation under seal in this case.

Those conditions are met here. Here, the Debtor seeks to file the Stipulation under seal in order to protect certain confidential commercial information, as relates to the sale process, which process will determine the direction and possible outcome of these chapter 11 cases. Disclosure of this information has a strong potential of causing Debtor's estate irreparable injury because it might negatively influence or otherwise determine purchasers' potential offers. Outside of

bankruptcy, such information would be confidential, and would not be available to potential purchasers or other interested parties.

## **CONCLUSION**

WHEREFORE, the Debtor requests that the Court enter an Order: (1) authorizing the Debtor to file the Stipulation under seal; and (2) granting such other and further relief as the Court deems just and proper.

Dated: October 7, 2011             KINGSBURY CORPORATION

By its proposed attorneys:


*/s/     Jennifer Rood*
Jennifer Rood, Esq.
BERNSTEIN, SHUR, SAWYER & NELSON
Jefferson Mill Building
670 North Commercial Street, Suite 108
PO Box 1120
Manchester, NH 03105-1120
(603) 623-8700

and


*/s/ Robert J. Keach*
Robert J. Keach, Esq.
Jessica A. Lewis, Esq.
Máire Corcoran, Esq.
BERNSTEIN, SHUR, SAWYER & NELSON, P.A.
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
Tel: (207) 774-1200
Fax: (207) 774-1127