UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:

| | |
|---|---|
| Kingsbury Corporation | Bk. No. 11-13671-JMD |
| Donson Group, Ltd. | Bk. No. 11-13700-JMD |
| Ventura Industries, LLC | Bk. No. 11-13687-JMD |
| | Jointly Administered |
| Debtors. | |

**ORDER ON MOTION TO: (I) PROHIBIT UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES; (II) APPROVE THE FORM AND MANNER OF PROVIDING ADEQUATE ASSURANCE TO THE UTILITIES; AND (III) ESTABLISH PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Upon consideration of the motion of Ventura Industries, LLC (the "Debtor"), debtor and debtor in possession in the jointly administered, above-captioned chapter 11 case, to: (i) prohibit utilities from altering, refusing, or discontinuing services; (ii) approve the form and manner of providing adequate assurance to the utilities; and (iii) establish procedures for determining requests for additional adequate assurance (the "Motion") and, upon consideration of any responses to the Motion, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1. The Motion is granted.

2. Service of the Motion in the manner set forth in the Motion was adequate service under the circumstances of the case.

3. The Utility Companies (as such term is defined in the Motion) are hereby prohibited from altering, refusing or discontinuing service on account of any prepetition invoice.

4. The Debtor shall make deposit payments to the Utility Companies as adequate assurance of payment under section 366 of the Bankruptcy Code in amounts not to exceed the

1

amounts set forth in **Exhibit A** attached hereto with such amounts to be paid within thirty (30) days of the date of entry of this Order and in accordance with the terms and conditions set forth in the Motion.

     5.     The Debtor shall pay all undisputed utility bills for postpetition services when due.

     6.     Any Utility Company that failed to timely respond to the Motion is hereby deemed adequately protected by the form of adequate assurance set forth in the Motion.

     7.     If a Utility Company timely requests adequate assurance that the Debtor believes is unreasonable, the Debtor will file a motion for determination of adequate assurance of payment and serve such motion for a Determination Hearing (as such term is defined in the Motion) at the Court's discretion. In the event a Determination Hearing is scheduled, the Utility Company requesting adequate assurance shall be deemed to have adequate assurance of payment until an order of the Court is entered in connection with such Determination Hearing.

     8.     No Determination Hearing or Order entered at any Determination Hearing shall affect the rights and obligations of any of the Utility Companies other than the Utility Company whose request for adequate assurance necessitated the Determination Hearing.

     9.     The entry of this Order is without prejudice to the rights of any Utility Company to seek relief on the ground that it is not a utility within the meaning of section 366 of the Bankruptcy Code.

Dated: October 31, 2011

/s/ J. Michael Deasy
The Honorable J. Michael Deasy
United States Bankruptcy Judge



**Schedule of Utility Companies**

| Provider | Type of Utility Service | Deposit |
|---|---|---|
| NSTAR<br>One NSTAR Way, SW 200<br>Westwood, MA 02090 | Electricity | $190.00 |
| Comcast<br>P.O. Box 1577<br>Newark, NJ 07101-1577 | Telephone and internet | $168.42 |